**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10175 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-02180-RM-BGM-1 |
| v. | |
| BETTY LOUISE MADRID, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted September 11, 2019**
Pasadena, California

Before: OWENS, R. NELSON, and MILLER, Circuit Judges.

Betty Louise Madrid appeals her conviction for transportation of an illegal alien for financial gain and conspiracy to transport an illegal alien for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Madrid contends that the government violated her Fifth and Sixth Amendment rights by deporting a juvenile percipient witness, one of two individuals whom border patrol agents found in Madrid's car during a checkpoint stop. To prevail, Madrid must demonstrate that the government acted in bad faith by deporting the witness, and that Madrid suffered prejudice as a result. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 969–70 (9th Cir. 2012). The district court found that Madrid had not satisfied either component of that test, and its finding was not clearly erroneous.

Bad faith "turns on what the government knew at the time it deported the witness." *Id*. at 970. Accordingly, "[w]hen the government doesn't know what a witness will say, it doesn't act in bad faith" by deporting her. *Id*. Madrid does not contest that the government did not interview the juvenile witness before deporting her, and she presents no other evidence to suggest that the government might have known that the juvenile witness had exculpatory information. Nor does Madrid present evidence that the government departed from normal procedures involving deportation of juvenile noncitizen witnesses. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1085 (9th Cir. 2000). She therefore cannot demonstrate that the government acted in bad faith.

Madrid also fails to show prejudice. Instead, she asks that we presume prejudice whenever the government deports a potential percipient witness. We

2

have not adopted such an approach, which is foreclosed by Supreme Court precedent. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982) (defendant must show that deported witness's testimony "would be both material and favorable to the defense"); *United States v. Dring*, 930 F.2d 687, 693–94 (9th Cir. 1991).

**AFFIRMED.**